**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mastro's Restaurants LLC, | CV 11-1996-PHX-PGR |
| Plaintiff, | |
| v. | **ORDER** |
| The Dominick Group LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Compel. (Doc. 56.) Plaintiff Mastro's Restaurants ("MR") opposes the motion. (Doc. 58.) On April 16, 2012, the Court issued an order directing the parties to engage in face-to-face or telephone consultation concerning the status of the discovery requests contained in the motion. (Doc. 67.) The parties subsequently filed a status report, indicating that they had resolved all but one issue. (Doc. 71.) The Court held oral argument on May 5, 2012.

## DISCUSSION

In 2007 Defendants sold Mastro's Restaurants to MR. The terms of the sale are set forth in an Asset Purchase Agreement ("APA").[1] At issue here is Defendants' requests for the production of communications between the parties relating to the Seventh Amendment

---

[1] MR alleges that after the sale Defendants opened a "copy cat" steak house. MR's complaint raises claims of unfair competition, false endorsement, and false designation of origin under the Lanham Act, as well as several state law claims, including breach of contract.

of the APA, in which MR negotiated to have an Amended Seller Note issued by RRG Group LLC.

MR has refused to produce any communications between MR and Defendants regarding the Seventh Amendment. MR contends that the communications are relevant to other litigation in Arizona between the parties, but not relevant to the sale of intellectual property which is at issue in this case. (Doc. 59 at 9–10.) According to MR, Defendants seek this information in order to get a "head start" on discovery in the state case. (*Id.* at 10.) Defendants contend that MR's communications to Defendants "may implicate the parties' intentions regarding MR's expectations under the APA or related to the Amended Seller Note and, therefore, are clearly relevant to this litigation." (Doc. 56 at 10–11.)

The Court concludes that Defendants are entitled to the communications. Under Rule 26 of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). As Defendants argue, communications about the Seventh Amendment and the promissory note are potentially relevant to MR's intent and expectations with respect to the APA. Plaintiffs do not contend that the information is privileged or burdensome to produce.

Accordingly,

IT IS ORDERED granting Defendants' Motion to Compel (Doc. 56). Plaintiff MR shall produce, no later than November 26, 2012, all communications between MR and Defendants relating to the Seventh Amendment to the APA.

DATED this 5th day of November, 2012.

Paul G. Rosenblatt
United States District Judge